Christopher Lundberg, OSB No. 941084
Email: clundberg@hk-law.com
**HAGLUND KELLEY LLP**
200 SW Market Street, Suite 1777
Portland, Oregon 97201
Phone: (503) 225-0777
Facsimile: (503) 225-1257


Jeffrey H. Boiler OSB No. 830219
Email:  **jboiler@boilerlawfirm.com**
P.O.   Box 101
P.P.   Vida, OR 97488
Telephone: (541) 683-1901

Of Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### (Eugene Division)

| | |
|---|---|
| PETER LICHTE, JARROD BOWERS, and DANIEL KELLY, | Case No. 6:14-cv-1521-AA |
| Plaintiffs, | **AMENDED COMPLAINT** |
| v. | Federal Constitutional Violations: <br> -1st Amendment Retaliation; 14th Amendment Procedural Due Process Violations arising under  42 U.S.C. § 1983-1988; <br> - Pendent State Claim arising under ORS 659A.203, ORS 659A.212(Whistleblower Law Violations) |
| CITY OF WOODBURN, SCOTT RUSSELL; JASON ALEXANDER and MICHAEL HEREFORD, | |
| Defendants. | JURY TRIAL DEMANDED <br><br> PRAYER: $4,000,000.00 plus punitive damages in an amount to be proven and awarded at trial |

Page 1 –  AMENDED COMPLAINT

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.

Plaintiffs, by and through their attorney, Jeffrey H. Boiler and Christopher Lundberg, bring this Amended Complaint, demand jury trial as to all Claims for Relief in which trial by jury is allowed upon demand, and allege as follows:

## PRELIMINARY STATEMENT

2.

This action is a whistleblowing retaliation action for monetary and injunctive relief, together with Plaintiffs' reasonable attorney's fees and costs, to redress Defendants' violations of Plaintiffs' protected rights arising under both Federal and State law.

## JURISDICTION AND VENUE

3.

Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and 1343, federal question jurisdiction, 28 U.S.C. §1343, civil rights jurisdiction, and under pendant State jurisdiction for all State claims arising from the same core of operative fact as the allegations of Federal law violations set forth herein.

4.

Venue is within the District of Oregon pursuant to 28 U.S.C. §1391(b) as one or more of the Defendants reside in or are located entirely within the District of Oregon, and all acts or omissions giving rise to these claims, and each of them, occurred entirely within the District of Oregon.

Page 2 –  AMENDED COMPLAINT

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR 97201
PL02 -- 49502

## PARTIES

5.

At all times material herein, Plaintiffs Peter Lichte, Jarrod Bowers and Daniel Kelly were and are all residents of and domiciled in the State of Oregon. At all times material herein, Plaintiffs also were employed as sworn police officers by the Woodburn Police Department. Plaintiffs Lichte and Kelly were wrongfully terminated from these sworn positions on or about June 8, 2016.   Plaintiff Bowers has been and remains continuously employed as a sworn police officer for Defendant City.

6.

At all times material herein, Defendant City of Woodburn ("the City") was and is a duly organized municipal corporation under Oregon law, a political subdivision of the State of Oregon, and both operated and operates the Police Department and the Department of Human Resources for the City. Also at all times material herein, Defendant City of Woodburn employed each of the named individual Defendants by and through the Departments of that City herein specified. Plaintiffs allege that as a public body, Defendant City of Woodburn is liable for the tortious conduct of its agents and employees pursuant to ORS 30.260 and 30.265, and is also responsible in its own right for the pattern of Constitutional, statutory and common-law violations alleged herein, all as part of an ongoing policy, practice or custom of the City of Woodburn; or in the alternative, as co-conspirators in a civil conspiracy between the City of Woodburn and the other named Defendants herein to deny Plaintiffs and the rights secured to them by operation of law as specified below.

Page 3 –  AMENDED COMPLAINT

7.

At all times material herein, Defendant Scott Russell (Russell) was employed by Defendant City as Chief of the Woodburn Police Department. Defendant Russell engaged in all the acts and omissions complained of herein under the color and pretense of law, on behalf of the Woodburn Police Department, an agency of the City of Woodburn. Defendant Russell was at all times material to the allegations herein, the final policy maker for the Woodburn Police Department. Defendant Russell is also sued in his individual capacity.

8.

At all times material herein, Defendant Jason Alexander (Alexander) was employed by the City as Captain of Police. Defendant Alexander engaged in the acts and omissions complained of herein under the color and pretense of law, and on behalf of the Woodburn Police Department, an agency of the City of Woodburn. Defendant Alexander is also d in his individual capacity.

9.

At all times material herein, Defendant Michael Hereford was employed by the City as Human Resources Director of the Department of Human Resources of the City of Woodburn. Defendant Hereford engaged in all the acts and omissions complained of herein under the color and pretense of law, and on behalf of the Woodburn Police Department, or in the alternative, the Department of Human Resources of the City of Woodburn, each agencies or political subdivisions of the City of Woodburn. Defendant Hereford is also sued in his individual capacity.

Page 4 – AMENDED COMPLAINT

## ALLEGATIONS OF FACT COMMON TO ALL CLAIMS FOR RELIEF

10.

Plaintiffs Lichte, Kelly and Bowers began their employment as police officers for Defendant City as follows:  Plaintiff Lichte: March 28, 2005; Plaintiff Bowers July 1, 2008; Plaintiff Kelly September 14, 2008.  Each then successfully completed probation and have been employed full time since then as sworn Police Officers by Defendant City of Woodburn as a non-probationary, full time sworn police officers, until Plaintiffs Lichte and Kelly were wrongfully terminated from their employment on June 8, 2016.  Plaintiff Bowers remains so employed by Defendant City.  During his employment with Defendant City, Plaintiff Lichte also engaged in limited supervisory duties over other officers on duty at times, as "Officer in Charge" (OIC).

11.

It was then and has been since that time the policy and practice of Defendant City to utilize such broadly worded policy provisions (e.g., making statements broadly prohibiting any statement which may denigrate any member the Defendant City's Police Department personnel), to retaliate against any employee of Defendant who raised issues of fact which could lead to discovery of the pattern of unlawful conduct, or discovery of other misconduct in the application for employment, or in the performance of the duties of an employee by any of the named individual Defendants or their friends or co-conspirators. This in turn has resulted in systematic abuse of the disciplinary process by Defendants City, Russell, Alexander, and Sergeant Mikkola acting in concert with them, to selectively justify and dismissal of police officers employed by the by the Woodburn Police Department, including without limitation Plaintiffs, for protected speech within the meaning of the Oregon Whistleblower Law. This

Page 5 –  AMENDED COMPLAINT

technique has been employed consistently and over time to other officers who were unwilling to further the concealment of improper or unlawful conduct by selected officers within Defendant City's Police Department. The activity being protected by this abuse included and includes the crimes of attempted rape, attempted sodomy, misuse of intimate photographs of female victims of crimes, perjury, unsworn falsification, obstruction of justice, witness tampering, tampering with public records, official misconduct, and theft of public funds by deception.

12.

In 2009 the spurious charges of "policy violation by speaking ill of an officer" and a purported "loyalty" policy violation were dropped against Plaintiff Lichte, all on the assurance by Defendant Russell that all such material concerning Plaintiff Lichte placed in any data storage or retrieval system or other medium would be purged and the original materials returned to him after a full and fair investigation. In fact, no such investigation and no such purging occurred, and Defendant Alexander was entrusted with interview of the female crime victim of the attempted rape or sodomy reportedly committed by Sergeant Mikkola against Plaintiff Kelly's intimate friend, summarized below. No crime report was taken and no charges against Sergeant Mikkola were filed as a result of this report; nor did Defendants City or Russell inform the Department on Public Safety Standards and Training or the Marion County District Attorney's office of the nature of evidence in support of the allegations: the allegations made by the female victim herself, who was a police officer employed at that time as a reserve sworn police officer in another jurisdiction within the State of Oregon.

/ / /

Page 6 –  AMENDED COMPLAINT

13.

In addition and at that time and continuing up to and including the present, Defendant City, Russell and Alexander, knew or believed they had a legal duty to report to the District Attorney's office any evidence subject to the ruling known broadly in law enforcement as 'the Brady duty of disclosure", based upon the holding of <u>Brady v. Maryland</u> and other case law interpreted by it within the State of Oregon, which may bear on the credibility of a sworn police officer's testimony in future prosecutions. Knowing this, they not only failed to report to the District Attorney the facts summarized above and first called openly to their attention by Plaintiff Lichte, they further knew or had reason to know at that time and previously, and up to and including the present, that when Defendant Alexander had obtained his initial police employment with the City of Keizer, Oregon, he admitted to his then training officer that he had obtained education credits he utilized in the police employment process in a dishonest manner. On information and belief, Defendant Alexander did not complete probation with that first police employer, and thereafter Defendant City hired him as a sworn officer, then promoted him to the rank of Captain, all knowing or having reason to know of his admission of dishonesty in the police application process. On information and belief, these facts were also not reported by Defendant City to either the District Attorney's office, or the Department on Police Standards and Training.

14.

These actions at the time indicated above were undertaken by Defendant Russell and Defendant Alexander as part of a continuing policy, practice or custom of Defendants City, Russell, Alexander and other named Defendants, to:

Page 7 –  AMENDED COMPLAINT

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR 97201
PL02 -- 49502

A.    Conceal sexual and other misconduct by favored Woodburn Police Officers, including without limitation Defendants Alexander and Sergeant Mikkola, and also including criminal and civil violations of law by selected and favored officers, mostly of the rank of Sergeant and above, using concealment of facts, alteration of public records that might lead to disclosure of such misconduct, using false allegations of Police Policy violations to first marginalize, then force from employment if possible, any employee who did not wish to allow misconduct by Defendant City's favored command staff to continue; and

B.    Apply the existing and validly adopted written stated policies, practices and procedures of the Defendant City's Police Department in a disparate manner against officers similarly situated, rewarding those who tolerated or assisted Defendants' concealment of such wrongdoing with concealment of their misconduct, and punishing those who did not or were not inclined to tolerate such misconduct, or who used their rights of free speech and statutory rights under the Oregon Whistleblower Law in good faith to call police misconduct within their ranks to the attention of the public. To accomplish this desired result, Defendants used false allegations of fact, sham "independent" investigations by police agencies having friendly relationships with Defendants Alexander and Russell, and selectively "leaking" confidential information to create a false impression of misconduct by any whistleblowing officer that might reveal the systematic abuse of public monies and trust by Defendants, as evidenced by the policies, practices and customs of Defendant City summarized above;

C.    Provide others outside the Woodburn Police Department with false or confidential law enforcement information regarding Plaintiffs and others;

D.    Engage in the conduct set forth in this paragraph in part to further and conceal an

Page 8 –  AMENDED COMPLAINT

ongoing sexually motivated abuse of office by Defendants Alexander, Sergeant Mikkola of
female informants, female police officers and female crime victims by Defendants Alexander,
Sergeant Mikkola and those loyal to them. This sexually motivated abuse included without
limitation:

1.  Group inspection and unnecessary display by Defendant Alexander to other
    Woodburn police officers then present and under Defendant Alexander's
    command, of a female crime victim's intimate nude photographs seized as
    evidence in a criminal investigation which in no way involved wrongdoing of
    the female victim;

2.  Manipulation of information maintained in cell phones, social media and data
    retrieval systems maintained by or accessed through Defendant City to alter,
    conceal or file false reports, all constituting Public Records under Oregon law,
    in an attempt to:

    a.  Further  the policies, practices and customs summarized above;

    b.  Protect the guilty, when within the good graces or friendship of
        Defendant City's command personnel;

    c.  Punish the innocent, including Plaintiffs, with false allegations of
        misconduct including without limitation sexual misconduct;

    d.  Create the false impression that no sex crime had been committed,
        knowing or having reason to know that it had, when to do so benefitted
        the interests of Defendants; or

    e.  Discredit female witnesses reporting criminal misconduct by

Page 9 –  AMENDED COMPLAINT

Defendants, or any of them;

f.    Making public, profane and obscene characterizations of a female informant utilized effectively by Woodburn Police and other law enforcement officers in prosecution of criminal activity, and public imputations by Defendant Alexander that Plaintiff Bowers should engage in inappropriate sexual relations with his informant, all in the presence of others;

g.    Attempting to submit false evidence of sexual misconduct in disciplinary proceedings against Plaintiff Bowers, knowing or having reason to know such evidence was false.

15.

This conduct by Defendants was intended to further social, sexual and business relationships between individual Defendants Alexander, then Sergeant Mikkola and those loyal to them, and to conceal misuse of public funds by allowing command officers to spend many hours of on duty time on non-business related purposes; and by tolerating such conduct only selectively, primarily to reward cooperative or sympathetic command officers or those associated with them.  The failure to accurately report or to falsely report paid time of command staff of the Woodburn Police Department who furthered the misconduct of Defendants also resulted in two standards applied for payment for hours not worked: one which approved time claimed by cooperative command staff even though it was false, and one which falsely accused any uncooperative officer of inaccurate time reporting in the most minor and innocent detail.

Page 10 –  AMENDED COMPLAINT

16.

These policies and practices summarized above enabled Defendants to conceal the misconduct of Sergeant Mikkola in all the particulars reported by Plaintiff Lichte. This practice also violated the statutory duty of sworn police officers to report and take appropriate enforcement action of any evidence of commission of a crime by any person, resulting in repetitious patterns of facts constituting the elements of the crime of Official Misconduct in the Second Degree systematically between around 2008 or 2009 and the present, and is continuing.

17.

Pursuant to the policies, practices and customs of Defendant City summarized above, the allegations of Plaintiff Lichte first made in 2009 and 2010 were not investigated in good faith as promised, but were entrusted in part to Defendant Alexander, Sergeant Mikkola's close friend and confidant, who unfounded all allegations without meaningful investigation.

18.

While under Defendant Alexander's command, Plaintiff Bowers, then under the direct supervision of Defendant Alexander, was assigned as a member to a Federal Task Force investigating criminal activity in the Portland metropolitan area. His work was described as exemplary by supervisory U.S. Attorney supervising the Task Force. During this investigation, Plaintiff Bowers utilized a known reliable and confidential female informant. The investigation was about to result in arrests including Plaintiff Bowers' participation, when Defendant Alexander inexplicably withdrew Plaintiff Bowers from the Task Force, and announced Defendant City would no longer participate in the investigations being conducted. This damaged the prosecution and resulted in certain known but uncharged criminal activity to go

Page 11 – AMENDED COMPLAINT

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR 97201
PL02 -- 49502

unpunished or deterred, and loss of public monies invested in the investigation. One of the impacts of this action by Defendant Alexander was to also damage the ongoing valuable relationship between other State and Federal law enforcement agencies participating in the Task Force investigation.

19.

Shortly thereafter, in 2013, Plaintiff Bowers was demoted from the rank of Detective to Patrol Officer, placed on administrative leave for five months, and forced to suffer permanent loss of pay, on the grounds he had criticized the Woodburn Police Department's treating of a confidential informant, cancelled a related impromptu meeting with an assistant U.S. attorney in Portland, and had not sought pre-approval to go home early. The policies and practices of the Woodburn Police Department summarized above were used to sustain his demotion.

20.

On or about July 1, 2013, Plaintiffs Lichte and Kelly through their chain of command filed a complaint with Defendant City that the policies, practices and customs of Defendant City summarized above had been utilized to such an extent, that the workplace for police officers there had become hostile and retaliatory for good faith reporting of Plaintiffs' concerns. This complaint was forwarded to Defendant Hereford, who acted in concert and conspiracy with Defendant City and others to conduct the resulting investigation of allegations of misconduct giving rise to the concerns of a hostile and retaliatory workplace. The allegations included specific facts confirming the attempted rape and sodomy by Sergeant Mikkola of then-probationary Officer Kelly's intimate female acquaintance, summarized above, as well as Officer Safety concerns posed by the ongoing use of the policies and

Page 12 –  AMENDED COMPLAINT

practices of Defendant City to silence officers who knew and complained of any hostility in the workplace. Defendant Hereford's investigative findings were promised to them on completion. They were never provided, and were first discovered through media reports in about January, 2014. Those findings unfounded all allegations, and did not include any interview of the female victim of Sergeant Mikkola, a law enforcement employee in another jurisdiction within the State of Oregon.

21.

During the investigation by Defendant Hereford summarized above, Defendant City also undertook to conduct an "administrative inquiry" of the allegations utilizing close colleagues of Defendants Russell and Alexander within the McMinnville Police Department. The investigative officers were not provided the facts available to Defendant Hereford and the City, or in the alternative, were provided those facts but similarly failed to investigate by interview of the victim or facts summarized in this Complaint. No action was taken to correct any of the conditions or conduct outlined above as a result of this "Administrative Inquiry" as well.

22.

Defendants City and Hereford concealed the results of the Hereford investigation from Plaintiffs, and in response to media inquiry, made public statements intended to mislead the public into the belief a full and fair investigation had taken place, when in fact no interview of the crime victim had been done, nor a comprehensive report undertaken or completed. This was done to further the policies, practices and customs of Defendant City summarized above.

/ / /

Page 13 –  AMENDED COMPLAINT

23.

In November, 2013, Plaintiff Bowers gave Defendant City Notice of Tort Claim in the
manner required by law.

24.

In January, 2014, Plaintiff Kelly was accosted while on duty and in public by one
Mickey Henson (hereafter "Henson"), a business owner/operator in a towing and vehicle
salvage business in the Woodburn area. At the time and both prior to it and subsequently,
Henson had ongoing pecuniary interests in dealings with the City of Woodburn. These
interests had been temporarily impacted by his arrest by the Marion County Sheriff's Office on
charges of Rape of the confidential informant utilized previously by Plaintiff Bowers in the
Federal Task Force investigation cited above. The trial on that charge resulted in a not guilty
verdict. Henson blamed Plaintiff Bowers and others for interfering in his business with the
City of Woodburn by virtue of these facts.  At the time, Henson stated to Plaintiff Kelly that he
"had his sights" on one of the Plaintiffs in this action, and knew how to find counsel for
Plaintiffs too. Plaintiff Kelly, seated in his patrol vehicle in uniform and on duty, was blocked
into his parking area, which was away from wide public view, when Henson made these
statements and took this action of advancing on the patrol vehicle. Plaintiff Kelly reported the
incident as an officer safety concern in a police report. His report was given no action or
investigation.

25.

One month later, on February 25, Defendant Kelly was informed in writing he was
suspended from duty and his badge and weapon taken. The reason given was the "duty"

Page 14 –  AMENDED COMPLAINT

Defendant City thought it had to disclose to the Marion County District Attorney the fact that Plaintiff Kelly was untruthful in his allegations of sexual misconduct by Defendant Mikkola in his presence, and with Plaintiff Kelly's intimate female acquaintance noted above. A large number of documents were provided to the Marion County District Attorney by Defendant City, in the hope the District Attorney would issue a so-called "Brady Letter" for purported untruthfulness, which would have effectively ended Plaintiff Kelly's career as a police officer because he could no long be used as a witness any criminal trial.  Notwithstanding Defendants' efforts in this regard, the Marion County District Attorney eventually declined to take the position that future prosecutions involving the testimony of Plaintiff Kelly would be declined.

26.

Plaintiff Kelly was later fully reinstated and had returned to duty as a sworn police officer for Defendant City. Despite this result, Defendant City and Defendants employed by the City of Woodburn have continued to privately state and to create the impression to third parties in a position to damage Plaintiff Kelly, that Plaintiff Kelly is a "Brady Cop" or has been issued a "Brady letter."  Such statements or imputations by command personnel were false, and as noted above, are essentially career ending events for a police officer in Plaintiff Kelly's position.

27.

On or about February 26, 2014, Plaintiffs Kelly and Lichte gave Notice of Tort Claim in the manner provided by law. At the same time, Plaintiff Bowers gave supplemental Notice of Tort Claim in the manner provided by law.

Page 15 –  AMENDED COMPLAINT

28.

On or about September 23, 2014 Plaintiffs Lichte, Kelly and Bowers filed this lawsuit.

29.

Despite being a named defendant in this whistleblower retaliation lawsuit, after this lawsuit had been filed, Defendant City allowed Defendant Alexander to participate in an internal investigation of Plaintiff Lichte.

30.

On or about August 14, 2015, Defendant City and Alexander put Plaintiff Bowers on administrative leave based on an anonymous "crime stoppers" tip, and initiated a grueling and hostile investigation. Ultimately, the leave ended after four months because the purported allegations could not be sustained.

31.

On or about June 8, 2016, Chief Ferraris and Defendant City terminated Plaintiffs Lichte and Kelly without due process of law, in violation of the First and Fourteenth Amendments of the U.S. Constitution, and in violation of Oregon's Whistleblower Law set forth at ORS 659A.199 through 659A.230. Their termination was the culmination of the retaliatory treatment suffered by Plaintiffs Lichte and Kelly. The retaliatory misconduct of Defendants Alexander and Russell, and Sergeant Mikkola, as set forth above, influenced Chief Ferraris to ignore the legitimate and good faith basis for Plaintiffs Lichte's and Kelly's purported policy violation and instead to impose the most severe sanction of termination. Plaintiffs Lichte's and Kelly's legitimate basis was: (1) to protect themselves against further retaliation by the Woodburn Police Department's command staff, who had previously negatively mischaracterized the conduct of Plaintiffs Lichte and Kelly; or

Page 16 – AMENDED COMPLAINT

alternatively, (2) to capture evidence of the command staff's wrongdoing if in the future they chose to act again in bad faith and with retaliatory intent.

32.

Plaintiffs have attempted to mitigate their damages.

## FIRST CLAIM FOR RELIEF

**First Amendment Retaliation: 42 U.S.C. §§ 1983-1988**

**Free Speech**

**(Retaliation)**

33.

Plaintiffs realleges and incorporate all paragraphs referenced above.

34.

Defendants retaliated against Plaintiffs because of their protected First Amendment right to speak freely on and off duty with each other, with members of the Collective Bargaining Unit of which they were and are members in good standing, with other State and Federal law enforcement agencies and officials, and with members of the public concerned with the course of conduct summarized herein, all concerning matters of public concern, including without limitation the matters of fact incorporated by reference and alleged above.

35.

Defendants acted under color and pretense of law in taking the actions against Plaintiffs incorporated by reference above. Defendant Russell and during the periods of his service as Chief of the Woodburn Police Department, expressly ratified such conduct as final policy maker for Defendant City in all such actions.

Page 17 – AMENDED COMPLAINT

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR 97201
PL02 -- 49502

36.

As a direct and proximate result of the acts and omissions of Defendants set forth with particularity above, Plaintiffs have suffered economic damages in an amount to be determined at trial.

37.

As a further direct and proximate result of the acts and omissions of Defendants set forth above, Plaintiffs have suffered permanent personal and professional loss of reputation, loss of future earning capacity, fear of personal serious bodily injury or death, worry, anxiety, fear and other physical and mental pain and suffering, in an amount to be determined at trial.

38.

Pursuant to 42 U.S.C. §1988, Plaintiffs are entitled in addition to the damages set forth above, award of their reasonable attorneys' fees and costs and fees incurred herein.

39.

The acts and omissions of Defendants set forth with particularity above were willful, wanton and malicious, or undertaken in gross neglect of the standards of care imposed upon Defendants in their actions toward Plaintiffs complained of herein. As such, Plaintiffs are entitled to punitive damages to punish and deter such future misconduct, in an amount to be determined at trial in the manner provided by law.

/ / /

/ / /

Page 18 –  AMENDED COMPLAINT

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR 97201
PL02 -- 49502

## SECOND CLAIM FOR RELIEF

### 14th Amendment: 42 U.S.C. §§ 1983-1988

### Denial of Procedural Due Process

40.

Plaintiffs reallege and incorporate all paragraphs referenced above.

41.

The acts and omissions of Defendants against Plaintiffs set forth in the paragraphs above incorporated by reference, was undertaken or performed in an arbitrary, irrational or capricious manner, in violation of rights secured to Plaintiffs by U.S. Constitution, Amendment 14; was further undertaken or performed in violation of notice and opportunity to be heard pursuant to rights secured to Plaintiffs by operation of U.S. Constitution, Amendment 14, in that Defendant City by such conduct violated its own policies, practices and customs for procedures to address the issues summarized herein; and in violation of rights secured to Oregon Police Officers by operation of ORS 236.350.370, commonly known as The Police Officer's Bill of Rights.

42.

Defendants acted under color and pretense of law in taking the actions against Plaintiffs incorporated by reference above. Defendant Russell expressly ratified such conduct as final policy maker for Defendant City in all such actions.

43.

As a direct and proximate result of the acts and omissions of Defendants set forth with particularity above, Plaintiffs have suffered economic damages in an amount to be determined at trial.

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR 97201
PL02 -- 49502

44.

As a further direct and proximate result of the acts and omissions of Defendants set forth with particularity above, Plaintiffs have suffered permanent personal and professional loss of reputation, future earning capacity, fear of personal serious bodily injury or death, worry, anxiety, fear and other physical and mental pain and suffering, in an amount to be determined at trial.

45.

Pursuant to 42 U.S.C. §1988, Plaintiffs are entitled in addition to the damages set forth above, award of their reasonable attorneys' fees and costs and fees incurred herein.

46.

The acts and omissions of Defendants set forth with particularity above were willful, wanton and malicious, or undertaken in gross neglect of the standards of care imposed upon Defendants in the their actions toward Plaintiffs complained of herein. As such, Plaintiffs are entitled to punitive damages to punish and deter such future misconduct, in an amount to be determined at trial in the manner provided by law.

### **THIRD CLAIM FOR RELIEF**

**Violation of Oregon's Whistleblower Law**

**(Against Defendant City of Woodburn)**

47.

Plaintiffs reallege and incorporate all paragraphs referenced above.

48.

In addition to the rights secured to Plaintiffs and violated by Defendants as set forth above,

Page 20 –  AMENDED COMPLAINT

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR 97201
PL02 -- 49502

Plaintiffs at all times material herein enjoyed rights secured to them by operation of Oregon's

Whistleblower Law, set forth at ORS 659A.199 through 659A.236. This law prohibits any

employer from discriminating or retaliating against any employee for among other things the good

faith reporting of criminal activity, the good faith filing of a civil proceeding against an employer,

and the good faith disclosure of information that the employee reasonably believed was and is

evidence of: (a) a violation of a state or federal law, rule or regulation; or (b) mismanagement,

gross waste of funds or abuse of authority, or substantial and specific danger to public health and

safety resulting from their actions and other actions of employees of the State of Oregon or political

subdivisions of the State of Oregon. ORS 659A.212 provides that an employer must protect those

engaging in protected whistleblowing activity.

49.

By their acts and omissions set forth above, Defendants City, Russell, Alexander and

Hereford violated Oregon's Whistleblower Law by discriminating and retaliating against Plaintiffs

with regard to termination, promotion, and compensation or other terms, conditions or privileges

of employment, all of which was intended to discourage, restrain, dissuade, coerce, prevent or

otherwise interfere with Plaintiffs' protected disclosure and acts.

50.

As a direct and proximate result of the acts and omissions of Defendants set forth above,

Plaintiffs have suffered economic damages in an amount to be determined at trial.

51.

As a further direct and proximate result of the acts and omissions of Defendants set forth

with particularity above, Plaintiffs have suffered permanent personal and professional loss of

Page 21 – AMENDED COMPLAINT

reputation, future earning capacity, fear of personal serious bodily injury or death, worry, anxiety, fear and other physical and mental pain and suffering, in an amount to be determined at trial as allowed by law.

52.

Plaintiffs are also entitled to an award of their reasonable attorneys' fees and costs and fees incurred herein.

53.

ORS 659.885 provides that in a civil action brought under that statute and arising under ORS 659A.199, 659A.203 and 659A.230, the Court may also award injunctive relief and such other relief as the Court deems equitable under the circumstances.

WHEREFORE, Plaintiffs pray for judgment in favor of Plaintiffs and against Defendants as follows:

1.     On each of Plaintiffs' Claims for Relief, for judgment in favor of Plaintiffs and against Defendants, both jointly and severally, for economic damages in an amount to be established at trial, together with non-economic compensatory damages all in the minimum amount of $4,000,000, to be more specifically proven at trial;

2.     On Plaintiffs' First and Second Claims for Relief, for judgment in favor of Plaintiffs and against the individually named Defendants, both jointly and severally, for punitive damages in an amount to be determined at trial, to discourage, deter and punish the civil rights violations and conduct in furtherance of it set forth above;

3.     Alternatively to an award of damages for back pay on Plaintiffs' Lichte's and Kelly's Third Claim for Relief, for injunctive relief in the form of reinstatement of Plaintiffs Lichte

Page 22 –  AMENDED COMPLAINT

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR 97201
PL02 -- 49502

and Kelly to their former positions, with back-pay and full restoration of any lost benefits (including retirement benefits), seniority and other benefits of continuous employment;

4.      For Plaintiffs' reasonable attorney's fees, costs and disbursements incurred herein; and

5.      For such other relief as the Court deems just and equitable under the circumstances.

DATED this 10th day of May, 2017.

HAGLUND KELLEY LLP

By: s/Christopher Lundberg
Christopher Lundberg, OSB No. 981084
Email: clundberg@hk-law.com
Phone: (503) 225-0777
200 SW Market Street, Ste. 1777
Portland, OR 97201

Jeffrey H. Boiler OSB #830219
Phone: (541) 683-1901
P.O. Box 101
Vida, OR 97488

Of Attorneys for Plaintiffs

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR, 97201
PL02 -- 49502

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May, 2017, I served the foregoing **AMENDED**

**COMPLAINT,** on the following:

Karen Vickers                                   Robert E. Franz, Jr.
Blake H. Fry                                     Law Office of Robert E. Franz, Jr.
Mersereau Shannon LLP                            PO Box 62
One SW Columbia, Ste. 1600                       Springfield, OR 97477
Portland, OR 97258                               rfranz@franzlaw.comcastbiz.net
kvickers@mershanlaw.com
bfry@mershanlaw.com                              Attorney for Defendant Mikkola

Attorneys for Defendant City of Woodburn

by the following indicated method(s):

☐     by **mailing** a full, true and correct copy thereof in a sealed first-class postage prepaid envelope, addressed to the foregoing attorney at the last known office address of the attorney, and deposited with the United States Post Office at Portland, Oregon on the date set forth above.

☐     by causing a full, true and correct copy thereof to be **hand delivered** to the attorney at the last known address listed above on the date set forth above.

☐     by sending a full, true and correct copy thereof via **overnight mail** in a sealed, prepaid envelope, addressed to the attorney as shown above on the date set forth above.

☐     by **faxing** a full, true and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office on the date set forth above.

☒     by transmitting full, true and correct copies thereof to the attorneys through the court's Cm/ECF system on the date set forth above.

/s/Christopher Lundberg
Christopher Lundberg, OSB No. 941084
Attorneys for Plaintiffs